**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

MICHELLE A. VICTOR,         )
                                    )
           Plaintiff,         )
                                    )
                                    )    Case No. _____
                                    )
CSRA, INC.                   )
           Defendant.     )
_____ )

**COMPLAINT**
**(**Jury Trial Demanded)

      COMES NOW Plaintiff Michelle Victor (hereinafter "Plaintiff"), by and through her attorney of record, and files this her *Complaint* for damages against Defendant CSRA Inc. (hereinafter "Defendant CSRA") and for cause would show unto the Court the following:

**PARTIES**

1. Plaintiff is an adult resident citizen of Virginia, residing at 1870 Kirby Road, McLean, VA 22101.

2. Defendant CSRA Inc. is a nonexempt government contractor in the State of Virginia and is engaged in the business of providing information technology services to U.S. government clients in national security, civil government, and health care and public health. Defendant is located at 3170 Fairview Park, Falls Church, VA, 22042.

3. At all times relevant to this action, CSRA was and is an employer as defined under Title VII, 42 U.S.C. § 2000e(b).

4. At all times relevant to this action, Plaintiff was an "employee" under 42 U.S.C. § 2000e(f) Title VII.

## JURISDICTION AND VENUE

5.  This action is being brought pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(a)(3) and 42 U.S.C. Section 1983 and includes any and all federal law claims plead herein for which jurisdiction and venue is attached.

6.  Venue is proper in this district, pursuant to 28 U.S.C. Section 1391 because Defendant CSRA is located in the district and a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

7.  On August 12, 2015, Plaintiff, a disabled, Hispanic Marine veteran, began her employment as a Senior Professional Database Engineer with CSC Inc.

8.  Between August 12, 2015 and August 30, 2015, CSC Inc. merged to become CSRA Inc. After evaluation of Plaintiff's qualifications and a formal interview, Defendant CSRA reclassified Plaintiff's position to Principal Database Architect on August 30, 2015.

9.  However, Plaintiff was hired at a lower starting salary for the senior position of Principal Database Architect and she was not afforded overtime pay for late hours worked.

10. During her time at CSRA, Plaintiff was discriminated against based on her gender, race, color, national origin, veteran status, and her disability by Senior Manager, Tim Johnson.

11. Johnson often flew into fits of rage at Plaintiff creating a hostile and combative work environment.

12. Johnson openly belittled Plaintiff and her qualifications in front of other management and employees, often referring to her as his "single point of failure."

13. Johnson also made sexual comments about Plaintiff to Program Manager, Warren Stewart.

14. Johnson's rage became worse after Plaintiff refused to falsify information for an upcoming Certification and Accreditation.

15. Johnson imposed aggressively higher standards for Plaintiff and other Marine veterans because, according to him, Marines are supposed to go above and beyond the call of duty naturally.

16. After Plaintiff fell ill, Johnson constantly demanded a doctor's note identifying illnesses and diagnoses from Plaintiff.

17. Johnson released Plaintiff's personal health information to a government client, US Navy PEO Aircraft Carriers.

18. It wasn't until after July 21, 2016, when Plaintiff filed a formal ethics and employee relations complaint against Johnson, that Johnson stopped demanding disability paperwork from Plaintiff.

19. Plaintiff has multiple disabilities, including degenerative joint disease and gout, which limits her mobility. Around October or November 2016, with permission from Program Manager Warren Stewart, Plaintiff began teleworking from home as a result of these disabilities and the long hours she had to work.

20. On September 9, 2016, Plaintiff's physician faxed her telework accommodation documentation, but three days later, on September 12, 2016, Plaintiff was terminated during a meeting with Johnson.

## ADMINISTRATIVE PROCEDURE

21. On July 10, 2017, Plaintiff filed a complaint of discrimination, satisfying the requirements of 42 U.S.C. Section 2000(e) with the U.S. Department of Labor, Office of

Federal Contract Compliance Programs (OFCCP). Such complaint was filed within one hundred and eighty (180) days after the last unlawful employment practice occurred.

22. The OFCCP conducted an investigation regarding the allegations of discrimination on September 01, 2017. The OFCCP investigation found "insufficient evidence that the contractor violated its obligations under the nondiscrimination and affirmative action provisions of EO 11246, VEVRAA, and Section 503, or under the non discrimination provisions of Title VII and the ADA."

23. The *Complaint* is being filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has complied with all statutory and administrative prerequisite to filing suit.

## CAUSES OF ACTION

### COUNT I
### RACE DISCRIMINATION

24. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

25. Plaintiff is a member of a protected class who was terminated because of her race in violation of Title VII of the Civil Rights Act of 1964.

26. The acts and volitions of Defendant resulted in a knowing, willful, and intentional violation of Plaintiff's rights guaranteed under Title VII of the Civil Rights Act of 1964. Such unlawful employment practices violate 42 U.S.C. Section 2000e-3.

27. As a direct and proximate result of Defendant's unlawful and discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and sustained other pecuniary loss.

28. Defendant's discriminatory practices, contempt, and disdain have been demeaning to Plaintiff and have caused her to suffer deep pain, humiliation, anxiety, and emotional distress.

29. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II
## WRONGFUL DISCHARGE

30. Plaintiff re-alleges all prior paragraphs of the *Complaint* set out herein in full.

31. Defendant terminated Plaintiff from her position for unlawful reasons and motivations.

32. Defendant has no legitimate reason for any such acts.

33. As a result of Plaintiff's wrongful termination, she has been left without employment, deprived of annual salary, suffered damage to her reputation, and suffered emotional and other damages.

## COUNT III
## DISPARATE TREATMENT

34. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out in full herein.

35. Defendant has discriminated against Plaintiff in a manner that constitutes disparate treatment by treating Plaintiff differently than other similarly situated employees on account of her race, veteran status, and disabilities by terminating her employment, while no such similarly situated employees were subjected to such treatment.

36. The aforementioned acts of Defendant are willful, reckless, and malicious acts of unlawful discrimination against Plaintiff because of her race in violations of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42. U.S.C. §2000 *et seq*.

37. As a result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other damages.

## COUNT IV
## CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. SECTION 1983

38. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

39. Plaintiff was subjected to adverse and hostile employment conditions at CSRA due to the actions of Defendant and agents and employees thereof.

40. Defendant unreasonably terminated Plaintiff from her position for unlawful reasons and motivations.

41. The actions of Defendant violate 42 U.S.C. Section 1983 in violation of Plaintiff's rights secured and guaranteed to her by the 1st and 14th Amendments of the United States Constitution. Because of this violation, Plaintiff has been deprived of federal rights under the color of state law.

42. By Defendant's actions, it shows a direct and casual connection between Plaintiff invoking her constitutional rights and the resulting termination by her employer. Such unlawful employment practices violate 42 U.S.C. Section 1983, Section 1981, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. Section 2000e, et. seq.

## COUNT V
## CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. SECTION 1981

43. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out herein in full.

44. Defendant subjected Plaintiff to an unwelcomed hostile work environment based on her race-African American- and sexual orientation, through severe and pervasive actions that altered the conditions of her employment, including, but not limited to, subjecting her to unwelcomed daily sexual advancements, harassment, and ridicule; subjecting her to discrimination; interfering with her work performance; not addressing his complaints about discrimination, harassment, and disparate treatment.

45. Despite Plaintiff's repeated complaints to supervisors, about this hostile work environment, Defendant failed to take any appropriate action to redress the discriminatory and hostile work environment conditions imposed on her.

46. The aforementioned acts of Defendants were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff because of her race and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

47. By Defendant' actions, it shows a direct and casual connection between Plaintiff invoking her constitutional rights. Such unlawful employment practices violate 42 U.S.C. Section 1981, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. Section 2000e, et. seq.

## DAMAGES

48. As a consequence of the forgoing misconduct of Defendant, Plaintiff sustained economic damages, pain and suffering, great mental stress, depression, insomnia, shock, and humiliation.

49. As a consequence of the forgoing conduct of Defendant, Plaintiff has damages in an amount exceeding the jurisdictional requirements of the Court.

## RELIEF

50. Plaintiff requests that the Court issue the following relief:

   a. Enter declaratory relief declaring that Defendant have engaged in sex discrimination, race discrimination, retaliation, and constitutional violations under 42 U.S.C. Section 1983;

b.   Award Plaintiff compensatory and punitive damages for all the mentioned causes of action in an amount to be determined by a jury of her peers;

c.   Award Plaintiff attorney's fees, cost and expenses of litigation; and

d.   Award such other relief to which Plaintiff may be entitled to under law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorney's fees, plus pre and post judgment interest, and for any other relief which this Court deems just and proper.

Respectfully submitted, this the 26th day of October 2018.

**Michelle A. Victor**

_____

**CHARLES TUCKER, DC Bar #993515**

**TUCKER MOORE GROUP, LLP**
**8181 Professional Place, Suite 117**
**Hyattsville, Maryland 20785**
**Charles@tuckerlawgroupllp.com**