UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHELLE A. VICTOR, </br></br>   Plaintiff, </br></br>     v. </br></br> CSRA LLC, </br></br>   Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Case No. 18-cv-02478 (APM) </br> ) </br> ) </br> ) </br> ) |

**MEMORANDUM OPINION**

Before the court is Defendant CSRA, LLC's Motion for Summary Judgment. ECF No. 26. For the reasons that follow, Defendant's Motion is granted in full.

As a threshold matter, the court accepts as true all facts asserted in Defendant's Statement of Material Facts, ECF No. 26-1 [hereinafter Def.'s Stmt.]. Local Civil Rule 7(h)(1) states that an opposition to a motion for summary judgment "shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." LCvR 7(h)(1). The court is permitted to assume the truth of any fact identified by the moving party that is not "controverted in the statement of genuine issues filed in opposition to the motion." *Id.* The court's summary judgment scheduling order in this case reminded Plaintiff of her obligation to respond to Defendant's factual statement and warned of the consequences of not doing so. *See* Order, ECF No. 25, §§ II.B, II.D. Despite the clear directions of the Local Rule and this court's Order, Plaintiff failed to file a responsive factual statement. *See generally* Pl.'s Opp'n to Def.'s Mot., ECF No. 29 [hereinafter Pl.'s Opp'n]. The court therefore treats as admitted the facts set forth in Defendant's Statement. *See Oviedo v.*

*Washington Metro. Area Transit Auth.*, 948 F.3d 386, 396 (D.C. Cir. 2020) (describing Local Civil Rule 7(h) as "obvious authority" to deem undisputed facts set forth in a movant's unopposed statement of material facts).

Turning to the merits of Plaintiff's causes of action, her Title VII claims based on disability and veteran status fail, *see* Am. Compl., ECF No. 8 [hereinafter Am. Compl.], ¶ 35, because neither characteristic is protected under Title VII. *See* 42 U.S.C. § 2000e-2.

Next, Defendant moves for summary judgment on Plaintiff's Section 1983 and wrongful discharge claims. Am. Compl. ¶¶ 38–42, 30–33. Plaintiff offers no argument or evidence in response. *See generally* Pl.'s Opp'n. "It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003). Plaintiff therefore has abandoned her Section 1983 and wrongful discharge claims.

With respect to Plaintiff's Title VII claim based on race and her Section 1981 claim, *see* Am. Compl. ¶¶ 24–29, 43–47, Defendant offers a non-discriminatory reason for Plaintiff's termination: "her persistent insubordination in refusing to report to the Maritime Plaza worksite during core hours, along with the resulting negative effect of her behavior on client relations and deliverables." Def.'s Reply Mem. in Supp. of Def.'s Mot., ECF No. 30, at 7; Def.'s Mot. at 17–19 (citing Def.'s Stmt. ¶¶ 51–62, 66–78, 81–93). As discussed, Plaintiff fails to dispute the facts underlying this explanation, so for that reason alone she has not met her burden of showing that her termination was motivated by discrimination or that the reason offered for her termination was pretextual. *See Ford v. Mabus*, 629 F.3d 198, 201 (D.C. Cir. 2010).

In her opposition brief, Plaintiff offers some argument and evidence to avoid summary judgment, but these efforts are unavailing. First, she contends that her manager authorized her to telework and, as support, attaches to her opposition an email from August 16, 2016, in which she claims to have received such approval. *See* Pl.'s Opp'n at 5; *id.*, Ex. B., ECF No. 29-2. But this email fails to show pretext, for Plaintiff was informed the next day that she was not cleared to telework, yet she continued to telework, take unapproved "leave," and arrive late. *See* Def.'s Stmt. ¶¶ 81–92. Second, Plaintiff asserts that "other employees were similarly situated" but were permitted to telework, *see* Pl.'s Opp'n at 5–6, yet she offers no evidence to support that contention. She therefore cannot demonstrate pretext based on the favorable treatment of others similarly situated. *See Wheeler v. Georgetown Univ. Hosp.*, 812 F.3d 1109, 1115–16 (D.C. Cir. 2016). Third, Plaintiff offers a position description to rebut Defendant's contention that she was ineligible to telework. *See* Pl.'s Opp'n at 6; *id.*, Ex. D, ECF No. 29-4. Plaintiff, however, supplies no evidence to establish that this was the position description for *her* job; thus, the description has no probative value. *See Oviedo*, 948 F.3d at 397 (holding that trial court properly rejected job description offered by employee because he "never submitted a declaration or affidavit stating that Job Code 2854 was the same job description to which he applied in Fall 2013"). In any event, the position description only says that the employee "may work remotely," Ex. D at 5, which does not create a genuine dispute of material fact when compared to the sea of evidence produced by Defendant that Plaintiff was not authorized to telework, *see* Def.'s Mot. at 2 n.8. In short, there is no genuine dispute of fact as to Defendant's non-discriminatory reason for terminating Plaintiff.

Finally, Plaintiff asserts a hostile work environment claim, Am. Compl. ¶ 45, but she offers no evidence whatsoever to support it, so the claim cannot survive summary judgment.

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 26, is granted. A final order accompanies this Memorandum Opinion.

Dated: September 28, 2020

Amit P. Mehta
United States District Judge